**HARTWIG et al.**
v.
**UNITED STATES.**
No. 13267.

United States Court of Appeals
Ninth Circuit.

Jan. 14, 1954.

Wood, Cooke & Moulton, Sterling M. Wood, Robert E. Cook, Frederic D. Moulton, Billings, Mont., for appellants.

Krest Cyr, U. S. Atty., Butte, Mont., Emmett C. Angland, Asst. U. S. Atty., Great Falls, Mont., for appellee.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

ORR, Circuit Judge.

In Count II of an amended complaint lodged with the United States District Court of Montana, the Government alleged in part that pursuant to Priorities Regulation 33, as amended, appellants applied for and received authorization for priority assistance from the Federal Housing Administration, hereafter F. H. A., to construct 27 dwellings in the Calhoun Lane Subdivision at or near Billings, Montana; that the F. H. A duly established a maximum sales price of $8,000.00 for each dwelling for which priority assistance had been granted; that appellants represented to F. H. A. that said maximum sales price included all special improvements, including but not limited to sanitary sewers, water mains, curbs, gutters and street paving. It is alleged that appellants constructed and sold 25 of the dwellings involved and violated Section 944.54(g) of Priorities Regulation by selling nine of the dwellings at prices in excess of the maximum prices approved by F. H. A. Further, it is alleged that appellants failed to construct water mains, sewers, curbs and gutters in accordance with the specifications filed with the F. H. A.; that upon appellants' petition, a special im-

provement district was created by the Board of County Commissioners of Yellowstone County, Montana to construct the above improvements; that an improvement tax lien was thereafter assessed against the 25 homes sold by appellants; that appellants have been unjustly enriched by the over-ceiling prices which the purchasers were compelled to pay for the dwellings and by causing the purchaser to be required to pay the cost of the special improvement taxes in excess of the approved maximum sales prices.

The Government, in its amended complaint, asked for a mandatory injunction requiring appellants to restore to the purchaser direct overcharges received by appellants in the sale of the dwellings in excess of the approved prices and restitution to each of the purchasers by paying and satisfying the special improvement assessment.

Pursuant to motion of the Government, the trial court entered a summary judgment granting the relief asked relative to the special improvement tax alleged in Count II of the amended complaint. The trial court took the view that appellants had practically admitted in the answer that the dwellings mentioned in the amended complaint were sold in excess of the maximum price established. With this conclusion we are unable to agree.

Information relating to the alleged overcharge is contained in Exhibit A which, by reference, is made a part of the amended complaint. This exhibit does no more than to supplement the allegations contained in the complaint.

Appellants, in answering, put in issue an important and genuine issue of fact as to whether the houses, or any of them, had been sold in excess of the maximum price of $8,000.00.

In denying paragraph 12 of Count II of the amended complaint, paragraph XI of the answer states:

"They [appellants] admit that after the issuance by the Federal Housing Administration of authorization as afore-

said for priorities assistance these defendants completed the construction of, and sold, twenty-five buildings under the said priority and of the dwelling units identified by the Federal Housing Administration serial numbers aforesaid. *Otherwise they deny the sale of nine of the said dwellings, or any thereof, at any price in excess of the maximum sales price of $8,000.00 approved by the Federal Housing Administration, and whether as set out in Exhibit A attached to the amended complaint, or otherwise, \* \* \*.*" (Emphasis supplied.)

Thus an essential question of fact was presented for determination at a trial and could not be disposed of by a summary judgment. Fountain v. Filson, 1949, 336 U.S. 681, 683, 69 S.Ct. 754, 93 L.Ed. 971.

Appellee, in its motion for summary judgment in the trial court, took the position that the allegation in the amended complaint concerning the special improvement levy and an admission in the answer that such a levy was made required the entry of the summary judgment as a matter of law. In any event, this could not be so unless an admission was also made that these levies required the purchasers to pay an amount in excess of the maximum price of $8,000.00 which, as we have pointed out, is specifically denied.

The Veterans' Emergency Housing Act of 1946, 60 Stat. 207, 993, was repealed June 30, 1947. Appellants urge that by reason of this repeal they may be in a position to present a genuine issue of fact by showing, if given an opportunity, that the houses were sold subsequent to the repeal of the 1946 Act and, hence, were not subject to the maximum price regulation. However, appellants, by their answer, have foreclosed this question by the allegations contained in the Tenth Defense, which reads, in part:

"They [appellants] allege that one and all the housing accommodations or dwelling units, to which (a) the first count and (b) the second count herein refer, were long heretofore and before the commencement of this suit, to-wit, on or before June 17, 1947, completed and sold, and the titles thereto passed to the purchasers, respectively, \* \* \*."

Other contentions are made by appellants as to why the summary judgment was wrongfully entered. We need not pass upon them because of our conclusion that the summary judgment should be vacated for the reasons stated.

Judgment reversed and cause remanded to the District Court for such further proceedings as may appear to the said court to be necessary and proper.