FOUNTAIN *v.* FILSON ET UX.

No. 542.   Decided April 18, 1949.

*Charles A. Horsky* for petitioner.

*Camden R. McAtee* for respondents.

PER CURIAM.

Mr. and Mrs. Filson brought this suit in the District Court for the District of Columbia, claiming a $6,000 interest in certain New Jersey realty.   The complaint alleged that Mr. and Mrs. Fountain, the defendants, acquired title to this realty subject to a resulting trust

in favor of the Filsons in that amount. The Fountains answered. They denied the existence of a resulting trust and also denied the existence of any obligation to the Filsons. The documents covering the transfer of the realty and certain depositions of the parties were filed. Mrs. Fountain, her husband having died, then moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The sole basis of the motion was the claim that New Jersey law would not permit the imposition of a resulting trust under the circumstances disclosed in the complaint and the accompanying documents. The motion was granted and judgment for Mrs. Fountain was entered.

On appeal the Court of Appeals for the District of Columbia came to three conclusions. First, it agreed that under New Jersey law no resulting trust could arise. Second, it concluded that the summary judgment in Mrs. Fountain's favor was nevertheless erroneous, because the complaint contained a general prayer for "other relief" and alleged facts on the basis of which a personal judgment for $6,000 could have been recovered even in the absence of a resulting trust in the realty. Finally, the Court of Appeals proceeded to examine the depositions which had been taken in advance of trial. The court concluded that they showed the existence of a personal obligation and the case was, therefore, remanded to the District Court with instructions to enter a personal judgment in favor of the Filsons for $6,000. 84 U. S. App. D. C. ——, 171 F. 2d 999. Mrs. Fountain's timely motion for a modification of this order in order to permit a trial as to the existence of the personal obligation was denied.

Mrs. Fountain's petition for certiorari, which attacks only the third portion of the Court of Appeals' ruling above stated, is granted and the judgment of the Court of Appeals is reversed. We need not pass on the propriety of an order for summary judgment by a district

court in favor of one party after the opposite party has moved for summary judgment in its favor, where it appears that there is no dispute as to any fact material to the issue being litigated. For here the order was made on appeal on a new issue as to which the opposite party had no opportunity to present a defense before the trial court. In *Globe Liquor Co.* v. *San Roman,* 332 U. S. 571 (1948), and *Cone* v. *West Virginia Paper Co.,* 330 U. S. 212 (1947), we held that judgment notwithstanding the verdict could not be given in the Court of Appeals in favor of a party who had lost in the trial court and who had not there moved for such relief. One of the reasons for so holding was that otherwise the party who had won in the trial court would be deprived of any opportunity to remedy the defect which the appellate court discovered in his case. He would have had such an opportunity if a proper motion had been made by his opponent in the trial court. The same principle interdicts, *a fortiori,* the appellate court order for summary judgment here. Summary judgment may be given, under Rule 56, only if there is no dispute as to any material fact. There was no occasion in the trial court for Mrs. Fountain to dispute the facts material to a claim that a personal obligation existed, since the only claim considered by that court on her motion for summary judgment was the claim that there was a resulting trust. When the Court of Appeals concluded that the trial court should have considered a claim for personal judgment it was error for it to deprive Mrs. Fountain of an opportunity to dispute the facts material to that claim by ordering summary judgment against her. The judgment of the Court of Appeals is, therefore, reversed and the cause remanded to the District Court for further proceedings in accordance with the opinion of the Court of Appeals as here modified.

*Reversed.*