James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff-Appellant,

v.

Basil McCARTY, Morris McCarty and Mark McCarty, Defendants-Appellees.

No. 11822.

United States Court of Appeals Seventh Circuit.

Jan. 9, 1957.

Stuart Rothman, Sol. of Labor, Bessie Margolin, Asst. Sol., U. S. Dept. of Labor, Washington, D. C., Herman Grant, Atty., U. S. Dept. of Labor, Chicago, Ill., Sylvia S. Ellison, Lawrence P. Hochberg, Attys., U. S. Dept. of Labor, Washington, D. C., for appellant.

Elmon M. Williams, Neal & Williams, William H. Williamson, Indianapolis, Ind., for defendants-appellees.

Before DUFFY, Chief Judge, and SWAIM and SCHNACKENBERG, Circuit Judges.

DUFFY, Chief Judge.

This action was brought by the Secretary of Labor under Section 217 of the

Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., to restrain defendants from violating the child labor provisions of the Act. Plaintiff and Defendants each moved for summary judgment. The District Court granted Defendants' motion and judgment was entered dismissing the complaint.

The complaint alleges defendants are co-partners in the operation of a farm establishment and in the planting, cultivation, harvesting, production and sale of tomatoes; that since September 2, 1955, defendants employed 48 employees in the planting, cultivation, harvesting and production of tomatoes, substantially all of which were produced for commerce within the meaning of the act, and have been shipped, delivered and sold from defendants' establishment with knowledge that shipment, delivery and sale thereof in processed form to persons and firms in states other than Indiana was intended. The complaint charged defendants with the employment of oppressive child labor by employing certain named persons as tomato pickers who were then less than sixteen years of age. The complaint further charged failure by defendants to keep adequate records with respect to the employment of minors under the age of eighteen.

Defendants filed a motion to dismiss claiming the Fair Labor Standards Act exempts farming or agriculture from the scope of the Act. The District Court denied this motion. Shortly thereafter defendants moved for summary judgment dismissing the complaint, and alleged the provisions of Section 212 of the Fair Labor Standards Act relating to child labor did not apply to any employee employed in agriculture outside of school hours for the school district where such employee was living while he was so employed, and that the district wherein the children described in the complaint were living was closed for summer vacation and did not reopen until September 6, 1955.

Defendants' motion for summary judgment was accompanied by an affidavit of the defendants wherein it was asserted that during the tomato-picking season in the months of July, August and September, 1955, affiants employed itinerant employees to pick tomatoes. Defendants further asserted that Clayborn Hess had been employed by them from August 20, 1955 to October 13, 1955, and that Perrie Anderson had been employed from August 20, 1955 to September 29, 1955. The affidavit then set forth that defendants did not employ the minor children of said Hess and Anderson to pick tomatoes or do other work on their farm. The affidavit shows that the nearest district school and high school to the McCarty farm opened for classes on September 6, 1955.

Thereafter plaintiff filed a motion for summary judgment supported principally by the affidavit of John Solbeck who was an investigator employed by the Wage and Hour Division of the Department of Labor. This affidavit asserted that on September 8, 1955 he, with another investigator, made an inspection of the McCarty farm and questioned persons thereon including Basil McCarty and Morris McCarty. That on said date the McCartys employed approximately forty-eight employees in harvesting and production of tomatoes. Thereafter the affidavit set forth in detail that certain named children, ranging in age from seven to sixteen years, were employed in picking tomatoes on the McCarty farm. An illustration of such allegations is as follows: "Irene Jeanette Anderson, James Robert Anderson, Nellie Sue Anderson, James Hess, Jimmy Hess picked tomatoes on the aforesaid farm establishment between the hours of 8 A. M. and 11:15 A. M. and between the hours of 12:30 P. M. and 3:15 P. M. on Tuesday, September 6, Wednesday, September 7 and Thursday, September 8, 1955." The affidavit further set forth that Irene Jeanette Anderson was born on November 21, 1944, and that she attended the third grade in Chrisman Grade School, Chrisman, Illinois in May, 1955. That James Robert Anderson was born November 27, 1946, and attended the second grade in Chrisman Grade School, Chrisman, Illinois in May, 1955; that

Nellie Sue Anderson was born June 23, 1948 and attended the first grade in Chrisman Grade School, Chrisman, Illinois in May, 1955; that James Hess was born August 11, 1941 and attended the fifth grade in Chrisman Grade School, Chrisman, Illinois in May, 1955, and that Jimmy Hess was born on June 30, 1944, and attended the fourth grade in Chrisman Grade School, Chrisman, Illinois in May, 1955.

The affidavit further asserted that on September 8, 1955, harvesting operations were performed by three separate crews of tomato pickers, and stated that six of said minors picked tomatoes with one such crew under the supervision of Morris McCarty, and that three of said minors picked tomatoes with the second crew which was under the supervision of Arnold Spears, a foreman in the employ of defendants; that no persons under sixteen years of age were found working with the third crew. The affidavit averred further that Basil McCarty and Morris McCarty were present in the field when the named minors were there picking tomatoes.

Defendants argue here that they do not deny or admit that minors were seen picking tomatoes on their farm on September 8, 1955, but they point out that in their affidavit they did say that they did not employ any oppressive child labor directly or indirectly at any time. They also argue that the allegations of the ages of the various minors set forth in the affidavit filed by plaintiff is hearsay and cannot be considered. They also insist that harvesting crops on a privately owned farm is exempt from the provisions of the Fair Labor Standards Act.

██ We are not advised as to the point or points which were relied upon by the District Court in ordering summary judgment for defendants. However, it is fundamental that a summary judgment should be granted only if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Rule 56 Federal Rules of Civil Procedure, 28 U.S.C.A.; Fountain v. Filson, 336 U.S. 681, 69 S.Ct. 754, 93 L.Ed. 971; Albert Dickinson Co. v. Mellos Peanut Co. of Illinois, 7 Cir., 179 F.2d 265, 268. It follows that issues of fact raised by pleadings and affidavits in a summary judgment proceeding may not be tried on the basis of affidavits. Campana Corporation v. Harrison, 7 Cir., 135 F.2d 334, 335.

The complaint made a clear allegation that defendants employed under-aged children. The Fair Labor Standards Act defines "employ" as including "to suffer or permit to work." 29 U.S.C.A. § 203 (g). The affidavit of investigator Solbeck averred that on September 8, 1955, he saw nine children named in the affidavit and ranging in age from seven to sixteen years, working on defendants' farm under the supervision of one of the defendants and one of their foremen. True, defendants' affidavit denies employing any oppressive child labor directly or indirectly. Defendants also denied the named children were ever under the supervision of any of them. But these allegations merely raised genuine issues as to material facts.

██ It is, of course, well settled that the filing of a cross-motion for summary judgment does not warrant a court in granting summary judgment unless one of the moving parties is entitled to judgment as a matter of law on the basis of the material facts not in dispute. M. Snower & Co. v. United States, 7 Cir., 140 F.2d 367, 369; Walling v. Richmond Screw Anchor Co., Inc., 2 Cir., 154 F.2d 780, 784. The facts and circumstances in this record on the question of employment were not sufficiently developed to enable the District Court to make a correct determination on the question of law presented. Cf. Kennedy v. Silas Mason Co., 334 U.S. 249, 257, 68 S.Ct. 1031, 92 L.Ed. 1347. The Supreme Court has said in Rutherford Food Corp. v. McComb, 331 U.S. 722, at page 730, 67 S.Ct. 1473, at page 1477, 91 L.Ed. 1772, that the determination of an employer-employee relationship does not depend upon

"isolated factors but rather upon the circumstances of the whole activity." In United States v. Silk, 331 U.S. 704, 67 S.Ct. 1463, 91 L.Ed. 1757, the Court pointed out various factors to be considered, such as "control exercised," 331 U.S. at page 719, 67 S.Ct. at page 1471; whether the work was done "in the course of the employer's trade or business," 331 U.S. at page 718, 67 S.Ct. at page 1470; "alongside admitted employees," 331 U.S. at page 726, 67 S.Ct. at page 1475; and "follows the usual path of an employee," 331 U.S. at page 729, 67 S.Ct. at page 1476.

We are not impressed with defendants' argument that there was no proof before the Court that the children who were working on defendants' farm were under the age of sixteen years. The Solbeck affidavit gave the exact date of birth of each such child, and we find no denial thereof in this record. Surely, it was not incumbent for the Government to attach certified copies of birth certificates to the Solbeck affidavit.

■ Defendants argue that they are exempt because they are engaged in agriculture, but the only broad exemption for agriculture is found in Section 213 (a) (6) of the Act. This exempts workers from the minimum wage and overtime provisions only, but it does not apply to the Act's Child Labor provisions. There is a limited exemption in Section 213(c) which permits employment of a child in agriculture only "outside of school hours for the school district where such employee is living while he is so employed." The record shows school sessions resumed September 6. The complaint alleges the under-aged children were employed "repeatedly thereafter" and specifically on September 6, 7 and 8. The employer has the burden of proof to show an exemption. Walling v. General Industries Co., 330 U.S. 545, 547–548, 67 S.Ct. 883, 91 L.Ed. 1088.

■ The trial court was in error in assessing costs against the Secretary of Labor of the United States Department of Labor. Walling v. Frank Adam Elec-

tric Co., 8 Cir., 163 F.2d 277; Walling v. Norfolk Southern Ry. Co., 4 Cir., 162 F.2d 95.

Reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed.