**Marlene FRIEND, Plaintiff-Appellant,**

**v.**

**AETNA FINANCE COMPANY, Defendant-Appellee.**

**No. 79–1086.**

United States Court of Appeals, Fifth Circuit.

Aug. 4, 1980.

Joseph King, Jr., Atlanta, Ga., for plaintiff-appellant.

Jones & Clark, Lewis N. Jones, Atlanta, Ga., for defendant-appellee.

Before GOLDBERG, CHARLES CLARK and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

Plaintiff brought this suit alleging violations of the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.* Defendant counterclaimed for the amount due on the loan agreement. Plaintiff moved for and was granted summary judgment on both claims, and judgment was entered accordingly. Later, defendant timely moved under Rule 59(e), Fed.R.Civ.P., to alter or amend the judgment on the counterclaim, claiming that the arithmetic which had revealed the loan agreement to violate the Georgia Industrial Loan Act had been incorrectly performed. The court granted defendant's motion and entered a new judgment granting defendant recovery on the counterclaim. Plaintiff then made a timely motion under Rule 59(e) to alter or amend the judgment, asserting (as she had in her reply to the counterclaim) other respects in which the loan agreement allegedly violated the Georgia Industrial Loan Act, Ga.Code Ann. § 25–301 *et seq.*

Defendant never made a formal motion for summary judgment on its counterclaim, but was granted judgment on a motion to amend the first judgment. Plaintiff was thus never put on notice that she must raise all of her defenses. *Cf. Fountain v. Filson,* 336 U.S. 681, 69 S.Ct. 754, 93 L.Ed. 971 (1949) (*per curiam*) (on appeal of summary judgment for defendant, action by court of appeals directing entry of summary judgment for plaintiff deprived defendant of opportunity to raise defense). To deny plaintiff the opportunity to present all of her legal theories by refusing to consider on the merits her motion to alter the judgment, after granting defendant's motion to alter the judgment, was an abuse of discretion. On remand the plaintiff's contentions must be heard on the merits. We admonish the parties not to attempt to avoid the procedures required by Rule 56 by use of Rule 59(e).

The other issues in this case all relate to the award of attorney's fees. We are unable to review the award on the present state of the record, since no findings have been made concerning the factors enumerated in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir. 1974). *See, e. g., Gay v. Board of Trustees of San Jacinto College,* 608 F.2d 127 (5th Cir. 1979).

REVERSED in part and REMANDED.