46 F.3d 1142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry LATTIN, Plaintiff-Appellee,
v.
Jack McCORMICK, Warden; Beverly Beck; Curt Chisholm; Mike
Mahoney; State of Montana, Defendants-Appellants.
 No. 94-35029.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 9, 1995*
Decided: Jan. 12, 1995.
 
 Before: ALARCON and BRUNETTI, Circuit Judges, and KELLEHER,** Senior District Judge
 MEMORANDUM***
 Montana State Prison inmate Jerry Lattin filed this action pursuant to 42 U.S.C. Sec. 1983 contending that he was denied good time credits in violation of his Fourteenth Amendment right to due process. Warden Jack McCormick filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rather than ruling on this motion, the district court sua sponte granted a motion for summary judgment in Lattin's favor. We reverse because we conclude the district court erred by failing to give McCormick notice that it intended to order summary judgment in favor of Lattin on its own motion. The court's procedure deprived McCormick of a full and fair opportunity to present evidence to demonstrate that there was a genuine issue of material fact in dispute.
 McCormick contends the district court improperly granted Lattin summary judgment without allowing him an opportunity to present facts or argument in opposition to a motion for summary judgment. We review the district court's grant of summary judgment de novo. Jones v. Union Pac. R.R. Co., 968 F.2d 937, 940 (9th Cir. 1992).
 In his complaint, Lattin argued he was being deprived of his right to due process by virtue of the fact that he did not receive good time credit for his employment as a unit laundry worker, while those employed in other laundry services did. In his motion to dismiss, McCormick stated that "[Lattin's] current job does not provide good time." The district court concluded that there was no dispute that "Lattin was totally denied good time credit for his employment." Acting sua sponte, the district court ordered summary judgment in Lattin's favor without notifying McCormick that it was considering entering an order granting summary judgment for Lattin. The court's peremptory action prevented McCormick from developing a factual basis and legal theory to attempt to persuade the district court that summary judgment was not warranted.
 The relevant case law supports McCormick's position. In Fountain v. Filson, 336 U.S. 681 (1949), the defendant's motion for summary judgment was granted by the district court. Id. at 682. The Court of Appeals reversed and ordered that summary judgment be entered in favor of the plaintiff. Id. The Supreme Court reversed. Although the Court declined to rule on the propriety of entering summary judgment for a nonmoving party, the Court held it was error to grant summary judgment if the losing party had not been afforded an opportunity "to dispute the facts material to that claim." Id. at 682-83.
 We applied the principle announced in Fountain v. Filson in Cool Fuel, Inc. v. Connett, 685 F.2d 309 (9th Cir. 1982). In Cool Fuel, the plaintiff filed a motion for summary judgment. Id. at 311. The district court sua sponte granted summary judgment in favor of the defendant. Id. We noted that the "overwhelming weight of authority" allowed this sua sponte action, providing that the losing party had notice that the court was considering summary judgment, that the losing party "had a full and fair opportunity to ventilate the issues involved in the motion" at the hearing on the motion for summary judgment, and that there were no "genuine dispute[s] respecting a material fact essential to the proof of [the] movant's case." Id. at 311-12. We affirmed in Cool Fuel because "the parties had every opportunity to explore and expound the issues ... and did so to the extent they deemed advisable." Id. at 312.
 In the instant matter, the district court did not notify McCormick that it planned to order summary judgment in favor of Lattin sua sponte. We have previously noted that "[a]s a general rule, a district court may not sua sponte grant summary judgment on a claim without giving the losing party ten days[] notice and an opportunity to present new evidence as required by Federal Rule of Civil Procedure 56(c)." United States v. Grayson, 879 F.2d 620, 625 (9th Cir. 1989).
 Moreover, Lattin did not file a motion for summary judgment. Thus, McCormick had not filed an opposition supported by affidavits or other evidence to demonstrate that there were genuine issues of material fact in dispute as had the losing party in Cool Fuel. McCormick argued that Lattin failed to state sufficient facts on the face of his complaint to support a grant of relief. The court's precipitous ruling deprived McCormick an opportunity to oppose the motion for summary judgment. The district court did not afford McCormick a chance to file an opposition, and the court did not conduct a hearing before it issued its order.
 In his opening brief before this court, McCormick stated that, if given the opportunity, he is prepared to offer evidence that Lattin did receive good time credit. Such evidence, if refuted by Lattin in a summary judgment proceeding, would demonstrate that there is a genuine issue of material fact regarding whether Lattin was deprived of due process. Because McCormick was not given an opportunity to present evidence regarding whether Lattin was denied good time credit, the district court erred in ordering summary judgment sua sponte for Lattin. Accordingly, we must reverse the order granting summary judgment and remand with directions that the district court conduct proceedings pursuant to Rule 56 of the Federal Rules of Civil Procedure.
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R. App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Robert J. Kelleher, Senior United States District Judge, for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3