**R.F.M.A.S., INC., Plaintiff,**

v.

**MIMI SO et al., Defendants.**

**No. 06 Civ. 13114(VM).**

United States District Court,
S.D. New York.

Aug. 5, 2009.

Kenneth S. Feldman, Law Offices of Stephen E. Feldman, P.C., Stephen Edward Feldman, Paul J. Burgo, Steven Michael Crosby, Feldman Law Group, New York, NY, Kevin P. Crosby, Brinkley,

Morgan, Solomon, Tatum, Stanley, Lunny & Crosby, Fort Lauderdale, FL, Theodore C. Anderson, Kilgore & Kilgore, PLLC, Dallas, TX, for Plaintiff.

Deepro R. Mukerjee, Victoria Elizabeth Spataro, Alston & Bird, LLP, Barry George Magidoff, Sutton Magidoff, LLP, Evan Gourvitz, Fross Zelnick Lehrman & Zissu, P.C., New York, NY, Martin J. Elgison, Alston & Bird LLP, Atlanta, GA, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

### I. BACKGROUND

By Decision and Order dated May 13, 2009 (the "Order"),[1] the Court denied the motion of plaintiff R.F.M.A.S., Inc. ("RFMAS") for summary judgment pursuant to Federal Rule of Civil Procedure 56 ("Rule 56"); granted in part and denied in part the motion of defendants Mimi So and Mimi So International, Inc., (collectively, the "So Defendants") for summary judgment pursuant to Rule 56; and granted in part and denied in part the motion of defendants Richemont SA, Compagnie Financiere Richemont SA, Richemont North America, Richemont Holdings I, and Richemont International, Ltd. (collectively, the "Richemont Defendants") for summary judgment pursuant to Rule 56. In the underlying action, RFMAS alleges, among other things, that the So Defendants and the Richemont Defendants (collectively, "Defendants") infringed RFMAS's copyright in nine pieces of its "Stella" jewelry line (the "Stella Pieces").

In the Order, the Court determined that RFMAS was entitled to a rebuttable presumption of ownership of a valid copyright with respect to Copyright Registration No. VA–1–260–162 (the "Registration"), but that RFMAS was not entitled to a presumption of the validity of the facts stated in the certificate of registration as to Copyright Registration No. VA 1–429–069 (the "Supplementary Registration"), which purported to correct certain factual errors present in the Registration. RFMAS now moves for an order pursuant to Federal Rules of Civil Procedure 59 and 60 ("Rule 59" and "Rule 60," respectively) granting reconsideration or relief from the Order as to the limited issue of whether RFMAS is entitled to a rebuttable presumption of validity in respect of the facts stated in the Supplementary Registration.

RFMAS argues that reconsideration is warranted because (1) "newly produced evidence" demonstrates that RFMAS obtained the Supplementary Registration promptly, but did not have sufficient notice or opportunity to be heard on the issue of timing; and (2) the Court "overlooked law" concerning its determination that RFMAS was not entitled to a statutory presumption of validity as to the corrected facts contained in the Supplementary Registration. (Motion for Reconsideration, dated May 29, 2009 ("RFMAS Mem."), at 1.) For the reasons discussed below, RFMAS's motion is DENIED.

### II. STANDARD OF REVIEW

RFMAS requests "reconsideration" under Rules 59 and 60, (RFMAS Mem. at 1.), but makes no reference to Local Civil Rule 6.3 ("Rule 6.3"), which governs motions for reconsideration in this District. The standards for relief under Rule 6.3 and Rule 59, however, are identical. *See Farez–Espinoza v. Napolitano*, No. 08 Civ. 11060, 2009 WL 1118098, at *3 (S.D.N.Y. Apr. 27,

---

**1.** The Order is reported as *R.F.M.A.S., Inc. v. So*, 619 F.Supp.2d 39 (S.D.N.Y.2009) (*"RFMAS, Inc."*). The facts underlying this action are set forth in the Order, familiarity with which is assumed.

2009) ("The standards governing motions to alter or amend a judgment under Rule 59(e) and motions for reconsideration or reargument under Local Rule 6.3 are identical.").

 Reconsideration of a previous order by the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (citations and quotation marks omitted). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F.Supp.2d 458, 461 (S.D.N.Y.2001). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (*quoting* 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). To these ends, a request for reconsideration under Rule 6.3 must demonstrate controlling law or factual matters put before the Court in its decision on the underlying matter that the movant believes the Court overlooked and that might reasonably be expected to alter the conclusion reached by the Court. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995).

 Rule 6.3 is intended to "'ensure the finality of decisions and to prevent the practice of a losing party . . . plugging the gaps of a lost motion with additional matters.'" *S.E.C. v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (*quoting Carolco Pictures, Inc. v. Sirota*,

700 F.Supp. 169, 170 (S.D.N.Y.1988)). A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment. *See Montanile v. National Broad. Co.*, 216 F.Supp.2d 341, 342 (S.D.N.Y.2002); *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y.1999).

 Similarly, Rule 60(b) is not intended as a means of relitigating matters decided in a final order or raising issues that should be argued on appeal. *See Batac Dev. Corp. v. B & R Consultants, Inc.*, No. 98 Civ. 721, 2000 WL 307400, at *3 (S.D.N.Y. Mar. 23, 2000). Because Rule 60(b) "allows extraordinary relief, it is invoked only upon a showing of exceptional circumstances." *Central Vermont Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 190 (2d Cir.2003) (citation omitted).

## III. DISCUSSION

RFMAS's motion cites no controlling law or factual matters the Court overlooked in connection with the Order that might reasonably be expected to alter the outcome of its decision. The Court addresses each of RFMAS's arguments in turn.

## A. AVAILABILITY OF NEW EVIDENCE

RFMAS first argues that "newly produced evidence" demonstrates that RFMAS obtained the Supplementary Registration in a timely fashion. (RFMAS Mem. at 1.) As support, RFMAS offers two affidavits purporting to demonstrate that RFMAS's counsel undertook "extraordinary efforts" to promptly obtain the Supplementary Registration. (*Id.*)

■ RFMAS does not present the Court with any newly available evidence or newly discovered evidence warranting the Court's reconsideration of the Order. As a threshold matter, Rule 6.3 states that "[n]o affidavits shall be filed by any party unless directed by the court." RFMAS never sought permission to file affidavits in connection with its motion, and the Court never directed RFMAS to file such affidavits. The Court therefore must disregard RFMAS's affidavits and the information they contain.

■ In addition, regardless of the amount of time that passed between when RFMAS was on notice that the Registration might have contained errors and when RFMAS received the Supplementary Registration on June 26, 2008, RFMAS does not dispute that (1) it obtained the Supplementary Registration after the close of discovery; (2) it never produced the Supplementary Registration to Defendants prior to briefing of the motions for summary judgment; and (3) it never disclosed the existence of the Supplementary Registration to Defendants prior to briefing. The first notice RFMAS provided of the possible existence of the Supplementary Registration arguably came in RFMAS's opening summary judgment memorandum, where RFMAS stated that, in order to challenge the copyright's validity, "Defendants may try to point to permissible corrections to the copyright registration facts." (Plaintiff's Memorandum of Law in Support of Its Motion for Summary Judgment, undated ("RFMAS SJ Mem."), at 5.) That statement is supported by a footnote stating that "Plaintiff can correct information in the copyright application by amending the registration. This does not affect the presumption of validity." (*Id.* at 5 n. 1 (*citing Hamil Am., Inc. v. GFI*, 193 F.3d 92, 98–99 (2d Cir.1999)).) Despite making such representations, RFMAS did not pro-

vide Defendants with a copy of the Supplementary Registration until RFMAS filed its briefs in opposition to Defendants' motions for summary judgment. (*See* Declaration of Steven M. Crosby, filed September 19, 2008, Ex. 63.)

As the Court stated in the Order:

By not filing the Supplementary Registration until after the close of fact discovery, ... RFMAS deprived the So Defendants of the ability to conduct discovery related to the Supplementary Registration (and there is no indication that RFMAS voluntarily provided discovery or disclosed this filing to the So Defendants in order to afford them an opportunity to reopen discovery for that limited purpose).

*RFMAS, Inc.,* 619 F.Supp.2d at 55. RFMAS has not come forward with any newly available or newly discovered evidence that changes this assessment. The Supplementary Registration was not filed until after the close of fact discovery, and Defendants never had an opportunity to conduct discovery related to the Supplementary Registration.

RFMAS argues that Defendants were not prejudiced by its failure to disclose the Supplementary Registration because Defendants had the opportunity to explore any errors contained in the Registration during the depositions of RFMAS's principals. (*See* RFMAS Mem. at 2.) The Court disagrees. Defendants never had the opportunity to conduct discovery as to the Supplementary Registration itself, and it is the certificate of registration that qualifies its holder to a presumption of the validity of the copyright and the facts stated in the certificate. *See* 17 U.S.C § 410(c) ("§ 410(c)"). The Supplementary Registration thus holds central importance for RFMAS's legal position—it is the only evidence RFMAS provided the Court (aside from testimony or declarations from

RFMAS's principals) in support of its assertion that the Stella Pieces were created and first published in Italy in 2001. Just as Defendants elicited arguably inconsistent testimony as to the accuracy of the facts contained in RFMAS's initial Registration during its depositions of RFMAS's principals, *see, e.g., RFMAS, Inc.,* 619 F.Supp.2d at 53, Defendants might have elicited further inconsistent testimony as to the accuracy of the Supplementary Registration, had they been provided the opportunity.

Given the significance of the Supplementary Registration, Defendants were entitled to full discovery on the Supplementary Registration and its contents after its formal filing. The opportunity to depose RFMAS's principals prior to the existence of the Supplementary Registration is not an adequate substitute; the document that RFMAS argues provides presumptive validity of the accuracy of facts simply did not exist during those earlier sessions. Nor will the Court impose upon Defendants the burden of functioning as mind-readers, predicting the contents of and asking questions about the Supplementary Registration before it even is made available to them.

RFMAS further argues that "Plaintiff would have gladly provided supplemental discovery to Defendants ... if such had been requested or necessary." (RFMAS Mem. at 3.) Such a statement is perplexing. Defendants were not aware of the existence of the Supplementary Registration, so they could not have been expected to request it. Nor is it for RFMAS to determine whether supplemental discovery is "necessary" or not; to the contrary, RFMAS had a continuing obligation to supplement Defendants' discovery requests pursuant to Federal Rule of Civil Procedure 26(e)(1)(A), especially as it pertains to critical documentary material such as the Supplementary Registration.

## B. *OVERLOOKED LAW*

### 1. *Lack of Notice*

██ RFMAS next argues that it did not have sufficient notice that the timing of the application for the Supplementary Registration "was important or part of summary judgment, as it was not in the initial briefs [or] fact statements." (RFMAS Mem. at 1.) For support, RFMAS cites to *Fountain v. Filson,* where the Supreme Court reversed a summary judgment order "made on appeal on a new issue as to which the opposite party had no opportunity to present a defense before the trial court." 336 U.S. 681, 683, 69 S.Ct. 754, 93 L.Ed. 971 (1949). The Court disagrees.

First, *Fountain* is inapplicable to this case, as *Fountain* addresses situations where an *appellate court* issues an order for summary judgment as to an issue that did not appear before the district court. *See* 336 U.S. at 683, 69 S.Ct. 754; *see also Helms v. Duckworth,* 249 F.2d 482, 488 (D.C.Cir.1957) (citing *Fountain* for the proposition that "the Supreme Court has cautioned appellate courts when reversing a summary judgment not to direct entry of a similar judgment for appellant on a new issue as to which the opposite party had no opportunity to present a defense before the trial court." (quotation marks omitted)).

Second, the parties addressed the validity of RFMAS's copyright, including the validity of the Supplementary Registration, extensively in their summary judgment briefs. As discussed above, RFMAS first made oblique reference to the existence of the Supplementary Registration in its moving papers, where it stated that "Defendants may try to point to permissible corrections to the copyright registra-

tion facts." (RFMAS SJ Mem. at 5.) RFMAS then provided a copy of the Supplementary Registration in its opposition briefs to Defendants' motions for summary judgment, and relied heavily on the Supplementary Registration in asserting the validity of the facts contained in it. The So Defendants then fully discussed the Supplementary Registration in their reply brief for summary judgment, including their objection that they had not received a copy of the Supplementary Registration from RFMAS until RFMAS filed its opposition briefs. (*See* Defendants Mimi So's and Mimi So International LLC's Reply Memorandum, dated October 10, 2008, at 4–5.) There was, in other words, no shortage of discussion surrounding the relevance of the Supplementary Registration and its validity.

■ Moreover, it is within the Court's discretion to grant summary judgment on the basis of any legal theory supported by the record. *See, e.g., Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1202 (9th Cir. 2001) (holding that "a district court 'may grant summary judgment on any legal ground the record supports.'" (*quoting* 6 James W. Moore, Walter J. Taggart and Jeremy C. Wicker, *Moore's Federal Practice* ¶ 56.14[1] (1994))); *Tarullo v. Defense Contract Audit Agency*, 600 F.Supp.2d 352, 358 n. 5 (D.Conn.2009) (same).

2. *Timing of the Supplementary Registration*

RFMAS also argues that the Court overlooked law regarding the timing and effect of a supplementary registration. Specifically, RFMAS argues that § 410(c) requires that the Court provide RFMAS with a presumption of the validity of the facts stated in the Supplementary Registration, and concludes that the Court based its analysis upon an evaluation of credibility.

■ RFMAS brings forth no controlling law that the Court overlooked. In the Order, the Court discussed in detail the statutory language and history of § 410(c) and concluded that "[u]nder these specific circumstances, to award RFMAS with a presumption as to the accuracy of the statements in the Supplementary Registration ... would be inequitable and inconsistent with the purpose and spirit of the presumption" afforded by § 410(c). *RFMAS, Inc.*, 619 F.Supp.2d at 55. The Court determined that because RFMAS's copyright was presumptively valid, the need for the presumption of the accuracy of the facts stated in the Supplementary Registration was unnecessary in this case. While RFMAS may disagree with the Court's analysis, the Court did not overlook the significance of the language of § 410(c).[2] A party's fundamental disagreement with a court's legal analysis and conclusions as to a matter fully considered does not serve as sufficient ground to warrant reconsideration of the court's decision. *See, e.g., Dungan v. Academy At Ivy Ridge*, No. 06–CV–0908, 2008 WL 2827713, at *1 (N.D.N.Y. July 21, 2008) ("Plaintiffs' remaining contentions amount to little more than disagreements with the

---

**2.** The Court notes that there is nothing in the text of § 410(c) regarding an exception for fraud upon the Copyright Office, yet this Circuit has nevertheless approved of such an equitable exception. *See infra.* Likewise, the Court has determined that this case poses unique and extraordinary circumstances that the drafters of § 410(c) likely did not consider; to grant a presumption of the accuracy of

the facts contained in the Supplementary Registration, despite the potential prejudice facing Defendants, would be inequitable. As the Order stated, while courts generally abstain from interfering with revised copyright certificates, "courts also have a duty to ensure that such revisions are made fairly and in a way that will not prejudice defendants." *RFMAS, Inc.*, 619 F.Supp.2d at 56.

Court's analysis and conclusion and, thus, are improper grounds for reconsideration.").

RFMAS attempts to avoid this outcome by relying upon *Computer Assocs., Int'l v. Altai, Inc.*, 775 F.Supp. 544, 557 (E.D.N.Y. 1991), *aff'd*, 982 F.2d 693 (2d Cir.1992), for the proposition that a supplementary registration submitted on the last day of trial was proper and created no prejudice. However, *Computer Assocs.* did not address whether the facts contained in a supplementary registration were entitled to a presumption of validity; rather, the Court found the correction at issue to be "technical" in nature and had no direct effect on the evidence or arguments presented during trial. *See id.* Here, however, for the reasons discussed in the Order, several of RFMAS's corrections, if presumed valid, could affect a determination of whether RFMAS may seek copyright protection pursuant to the Berne Convention for the Protection of Literary and Artistic Works, and thus could have a direct effect on the evidence or arguments presented at trial.

RFMAS also relies upon case law in this Circuit for the proposition that changes made to a certificate of registration "do not affect application of the statutory presumption, unless there is evidence of substantive fraud on the Copyright Office." (RFMAS Mem. at 4 (*citing Hamil Am., Inc.*, 193 F.3d at 98; *Fonar Corp. v. Domenick*, 105 F.3d 99, 105 (2d Cir.1997); *Eckes v. Card Prices Update*, 736 F.2d 859, 861 (2d Cir.1984); *Business Mgmt. Int'l, Inc. v. Labyrinth Bus. Sols., LLC*, No. 05 Civ. 6738, 2009 WL 790048, at *8 (S.D.N.Y. Mar. 24, 2009)).) Each of these cases, however, addresses the presumptive validity of the copyright itself, not the presumptive validity of the accuracy of the facts contained in the certificate. Because the Court has already determined that RFMAS's copyright is presumptively valid, these cases are inapplicable to the circumstances present here.

RFMAS has failed to identify any controlling law or factual matters put to the Court on the underlying motion that the Court demonstrably did not consider, or that would alter the outcome of the Court's Order. RFMAS's motion for reconsideration or for relief pursuant to Rules 59 and 60 is therefore denied.

## C. *CERTIFICATION FOR INTERLOCUTORY APPEAL*

■ Finally, RFMAS requests in its reply brief that the Court certify this case for interlocutory appeal. A district court may certify an immediate appeal of an interlocutory order if the order: (1) involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b). The Second Circuit has warned that "use of this certification procedure should be strictly limited because only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Flor v. BOT Fin. Corp.*, 79 F.3d 281, 284 (2d Cir.1996) (internal quotation marks and citations omitted, alteration in original). The Court is not persuaded that the grounds RFMAS cites in support of an interlocutory appeal constitute sufficiently exceptional circumstances in this case. RFMAS's request for certification is therefore denied.

## IV. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion of plaintiff R.F.M.A.S., Inc. ("RFMAS") for reconsid-

**514**

eration (Docket No. 165) of the Court's Decision and Order dated May 13, 2009, is DENIED; and it is further

**ORDERED** that RFMAS's request for certification for interlocutory appeal is DENIED.

**SO ORDERED.**