[Cite as *Cragon v. Shinkle*, 2017-Ohio-617.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

DAWN M. CRAGON, TREASURER,     **:**     **O P I N I O N**
ASHTABULA COUNTY, OHIO,

     Plaintiff-Appellee,     **:**

                              **CASE NO. 2016-A-0005**

     - vs -     **:**

WESLEY A. SHINKLE, et al.,     **:**

     Defendant-Appellant.     **:**

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2014 CV 0540.

Judgment:  Affirmed in part; reversed in part and remanded.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Robert L. Herman*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Robert S. Wynn*, 7 Lawyers Row, P.O. Box 121, Jefferson, OH  44047 (For Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1}   Appellant, Wesley A. Shinkle, appeals the trial court's summary judgment ordering foreclosure on six parcels of real property for failure to pay delinquent taxes and assessments.  He asserts that the trial court erred in denying his motion to dismiss the complaint and granting summary judgment in favor of appellee, Dawn M. Cragon, Ashtabula County Treasurer.  For the following reasons, we agree with the order

overruling the motion to dismiss, but reverse the summary judgment determination.

{¶2}    Appellant owns six separate parcels of land at issue.  He acquired them over a thirteen-year period, beginning in 1982.  Before obtaining the sixth parcel in1995, property taxes on one of the parcels was declared delinquent.  By 2003, taxes were delinquent on all six parcels, and each was subject to a delinquency assessment.

{¶3}    In December 2011, appellee filed a foreclosure action as to all six parcels against appellant and the Ohio Department of Taxation.  Appellant moved to dismiss for failure to join the Village of Rock Creek, a necessary party.  Appellee did not respond and the trial court dismissed the entire proceeding.

{¶4}    Approximately two years later, appellee re-filed the case against appellant, again seeking foreclosure as to the six parcels, and included the Ohio Department of Taxation and the Village of Rock Creek as co-defendants.  Appellee asserted in part that a total of $133,750.23 in delinquent taxes and assessments was owed.

{¶5}    Appellant again moved to dismiss the foreclosure complaint, this time arguing that the prior dismissal was on the merits and, therefore, barred the current complaint.  Appellee opposed contending that the prior dismissal did not extinguish appellant's liability and did not preclude her, as county treasurer, from collecting the amount owed.

{¶6}    As part of his reply brief on his motion to dismiss, appellant requested an oral evidentiary hearing. Without hearing, the trial court overruled the motion to dismiss, concluding that the prior dismissal was without prejudice because it was based upon the failure to join a necessary party.

{¶7}    Appellant answered the foreclosure complaint, and the parties were given

2

three months to conduct discovery. After discovery concluded, appellee moved for summary judgment. In support, appellee submitted the affidavit of a deputy clerk in her office. Attached to the affidavit are copies of the Tax Duplicate for each property. The deputy clerk averrs that each Tax Duplicate had been certified to appellee's office by the Ashtabula County Auditor, pursuant to R.C. 319.28. Each Tax Duplicate states the amount of delinquent taxes and assessments owed, and that appellant is the owner of each property.

{¶8} In responding to appellee's motion, appellant moved for additional time to conduct further discovery under Civ.R. 56(F). In an accompanying affidavit, he not only averred that additional time was needed in order to submit a complete response, but also stated legal arguments regarding the sufficiency of the deputy clerk's affidavit. He further averred that appellee's evidentiary materials do not reflect significant payments he had made on the property taxes.

{¶9} A court magistrate denied the motion for additional time in a magistrate's order. Appellant did not move the trial court to set aside the order. Approximately one month after the magistrate's order was issued, the trial court granted summary judgment against appellant and a default judgment as to the other defendants. The court found that appellee had a valid real estate tax lien on the six parcels for the delinquent taxes and assessments, and that the lien had priority over all other interests. Accordingly, the court found appellant liable for $165,931.37, and ordered that all six parcels be sold in foreclosure.

{¶10} Appellant appeals asserting three assignments:

{¶11} "[1.] The trial court erred to the substantial prejudice of appellant when it

3

denied the appellant's request for hearing made on January 14, 2015 in connection with the motion to dismiss filed December 1, 2014.

{¶12} "[2.] The trial court erred to the substantial prejudice of appellant when it, in its judgment of December 17, 2015, granted summary judgment in favor of appellee treasurer.

{¶13} "[3.] The trial court erred when it overruled appellant's motion to dismiss without conducting a hearing."

{¶14} Because the first and third assignments relate to the denial of the motion to dismiss, they will be addressed together. Appellant argues that the trial court should have either granted his motion to dismiss the second foreclosure action or conducted an evidentiary hearing prior to issuing its ruling. He submits that the current case is barred because the dismissal was on the merits and silent as to whether it was with or without prejudice. He alternatively argues that the decision to dismiss could have been predicated upon appellee's failure to respond to the motion.

{¶15} Appellant's motion to dismiss in the first case was brought under Civ.R. 12(B)(7), failure to join a necessary party. In moving to dismiss the second foreclosure complaint, appellant attached a copy of the final judgment from the first case to his reply brief. The first two paragraphs of that judgment states:

{¶16} "This tax foreclosure case was commenced on December 15, 2011. On March 20, 2012, Defendant, Wesley A. Shinkle, filed a motion to dismiss the case under Civ.R. 12(B)(7). Plaintiff has not responded to the motion to dismiss.

{¶17} "IT IS, THEREFORE, ORDERED that Defendant's March 20, 2012 Motion to Dismiss be, and the same hereby is, GRANTED, and this case is hereby

4

DISMISSED."

**{¶18}** Although the judgment notes that appellee did not respond to the motion to dismiss, it was the March 20, 2012 motion arguing failure to join a necessary party that was granted.

**{¶19}** The dismissal of the original foreclosure action was therefore without prejudice. Civ.R. 41(B)(4)(b) (a dismissal for failure to join a necessary party acts "as a failure otherwise than on the merits * * *.") *See Gordon v. Figetakis*, 9th Dist. Summit No. 22589, 2005-Ohio-5181, ¶7. Accordingly, the dismissal of the first action does not bar the current matter.

**{¶20}** Given that the language of the prior entry controls, an evidentiary hearing was not required. The first and third assignments do not have merit.

**{¶21}** Appellant's second assignment raises three arguments regarding the summary judgment decision. First, he maintains that the deputy clerk's affidavit is insufficient to introduce the copies of the Tax Duplicates for consideration because the clerk only refers to one page being attached to her affidavit, not the six pages actually attached.

**{¶22}** The at issue language states:

**{¶23}** "I hereby certify that the page attached to this statement consists of a photocopy of the Ashtabula County Auditor's Tax list and Ashtabula County Treasurer's Duplicate of Real Property certified by the County Auditor and delivered to the County Treasurer as specified in R.C. 319.28."

**{¶24}** Although the reference to one "page" is initially confusing, the clerk's language becomes clear when considered in conjunction with the overall litigation and

5

the relevance of the certified attachments. To this extent, appellant cannot justifiably say that he was uncertain what the clerk was referencing or that he could not adequately respond.

{¶25} In her affidavit, the deputy clerk stated that as a result of her employment at the county treasurer's office, she has direct knowledge of the Tax Duplicates at issue. She further certified that the attached documents are copies of the Duplicates that her office received from the county auditor, in accordance with the auditor's statutory duties. Thus, the copies of the Duplicates are properly incorporated into the affidavit and were properly considered. Furthermore, the copies demonstrate appellant to be the owner of all six parcels, and that delinquent taxes and assessment are owed as to each.

{¶26} Under his second argument, appellant asserts that the trial court's written judgment is too confusing to be enforceable because the second page, states that appellee is entitled to summary judgment on the "claims of WESLEY A. SHINKLE," when the sole pending claim is not Shinkle's, but rather appellee's.

{¶27} Notwithstanding, the operative portion of the judgment granting relief in favor of appellee is crystal clear and unaffected. Appellant has failed to establish prejudice.

{¶28} In relation to the sufficiency of the final judgment, appellant also notes that the judgment does not set forth a full legal description of the six properties. However, the judgment provides a list of the permanent parcel numbers of the affected properties and, therefore, adequately identifies the parcels subject to foreclosure.

{¶29} Under his final argument, appellant contends that summary judgment was not warranted because there is a factual dispute as to the amount owed. This

6

contention is based upon the following statement in appellant's affidavit, which was filed in conjunction with his motion for additional time to conduct discovery:

**{¶30}** "* * * further, I say that I have made significant payment(s) toward the taxes in question which I believe are not reflected in the figures presented by the plaintiff in this case, hence the plaintiff's numbers are not accurate; * * *."

**{¶31}** As the debtor alleging payment of an existing debt, appellant has the burden of demonstrating actual payment. *In re Ukwu*, 926 A.2d 1106, 1111, fn.13 (C.A.D.C.2007). Payment is typically proven by the submission of a receipt or other credible documentation. *Id.* However, oral testimony, in and of itself, is sufficient to prove payment. *Id.*

**{¶32}** The averment in appellant's affidavit constitutes some evidence that his debt to the county is not as great as set forth in the Tax Duplicates. That he does not assert payment of the entire tax debt does not render his averment immaterial. Even if, under appellant's version of the facts, he remains liable for part of the delinquent taxes and foreclosure is still necessary, he is entitled to a hearing as to the actual amount.

**{¶33}** Pursuant to Civ.R. 56(C), summary judgment can only be granted when, inter alia, there are no genuine issues of material fact remaining to be tried. *State ex rel. Caszatt v. Gibson*, 11th Dist. Lake No. 2012-L-107, 2013-Ohio-213, ¶17. Here, the averment in appellant's affidavit is sufficient to create a factual dispute. Accordingly, summary judgment was improper, and the second assignment has merit.

**{¶34}** Motions for summary judgment are long found to satisfy due process when properly granted in accordance with Civ.R. 56 when no material fact remains. *Abroms v. Synergy Bldg. Sys.,* 2d Dist. Montgomery No. 23944, 2011-Ohio-2180, ¶34

7

citing *Summers & Vargas Co. v. Abboud,* Cuyahoga App. No. 94310, 2010–Ohio–5595, ¶19. However, when summary judgment is entered when a material fact remains to be tried, due process is violated. *Houk v. Ross*, 34 Ohio St.2d 77, 83–84, 296 N.E.2d 266 (1973), citing *Fountain v. Filson*, 336 U.S. 681, 69 S.Ct. 754 (1949).

{¶35} Contrary to the view set forth in the dissent, the specificity requirement does not necessitate the party opposing a motion for summary judgment to produce more detailed evidence than required at trial. Civ.R. 56(E). The dissent writes to affirm summary judgment even though appellant's averments are admissible at trial, and, if believed, could defeat appellee's claims. The dissent creates a higher burden to clear summary judgment than is required to prevail at trial, and would result in the denial of due process.

{¶36} As to the denial of appellant's motion to dismiss, the judgment of the Ashtabula County Court of Common Pleas is affirmed. As to the granting of summary judgment against appellant, the judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

COLLEEN MARY O'TOOLE, J., concurs,

CYNTHIA WESTCOTT RICE, P.J., dissents with a Dissenting Opinion.

_____

CYNTHIA WESTCOTT RICE, P.J., dissents with a Dissenting Opinion.

{¶37} I do not agree that the general statements in appellant's affidavit are sufficient to create a factual dispute for trial to overcome summary judgment. I therefore

8

dissent.

{¶38} Civ.R. 56(E) provides a response in opposition to a motion for summary judgment "must set forth specific facts showing that there is a genuine issue for trial." The Tax Duplicates attached to appellee's affidavit in support of summary judgment showed no payments or credits on appellant's delinquent taxes. Appellant in his affidavit stated he has made "significant payment(s) toward the taxes in question," which, he says, were not reflected in the figures presented by the appellee. However, he did not state that he was not delinquent or offer any evidence per Civ.R. 56(E) of any payments made. Because appellant's affidavit does nothing more than offer an unsupported contradiction of the prima-facie evidence of delinquency submitted by appellee, it is insufficient to create a genuine issue of material fact as to the amount and/or validity of appellee's claims to overcome summary judgment. I would therefore affirm the trial court's decision.