[Cite as *Cragon v. Shinkle*, 2018-Ohio-2676.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| DAWN M. CRAGON, TREASURER, ASHTABULA COUNTY, OHIO, | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | **CASE NO. 2017-A-0072** |
| - vs - | : | |
| WESLEY A. SHINKLE, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2014 CV 0540.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Robert L. Herman*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Robert S. Wynn*, 7 Lawyers Row, P.O. Box 121, Jefferson, OH 44047 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Wesley A. Shinkle, appeals the trial court's judgment ordering foreclosure of six parcels. He asserts that appellee, Dawn M. Cragon, Ashtabula County Treasurer, failed to properly prove the amount of delinquency as a result of improper admission of twelve exhibits. We affirm.

{¶2} In August 2014, appellee filed a complaint in foreclosure on six parcels. The

complaint alleges that appellant, owner of all six parcels, failed to pay delinquent property taxes and assessments on each parcel. The complaint further alleges each parcel to be delinquent for longer than one year.

{¶3} After denying appellant's motion to dismiss, appellee moved for summary judgment. In contending that appellant owed more than $160,000 aggregate, appellee attached to her motions copies of the tax duplicate for each parcel. According to a deputy clerk in appellee's office, each tax duplicate is certified by the Ashtabula County Auditor, states that appellant is the owner of each parcel; and states the amount of delinquent taxes and assessments due and owing. In responding to appellee's motion, appellant averred in an affidavit that the tax duplicates fail to show significant payments he made.

{¶4} In granting summary judgment against appellant, the trial court held that, as to each of the six parcels, appellee had a valid real estate tax lien with priority over all other interests. The court also found that appellant owed an aggregate sum of $165,931.37 and ordered all parcels to be sold in foreclosure.

{¶5} Appellant appealed. This court reversed and remanded on the grounds that appellant's affidavit sufficiently raised a factual issue as to the amount owed. *Cragon v. Shinkle*, 11th Dist. Ashtabula No. 2016-A-0005, 2017-Ohio-617.

{¶6} Ultimately, the case was tried to the bench. In addition to testifying on her own behalf, appellee presented the testimony of a deputy auditor. In conjunction with appellee's testimony, she introduced six documents characterized as the 2016 tax bills for each of the six parcels. They stated the amount of property taxes owed for 2016 and the total delinquency. In conjunction with the deputy auditor's testimony, appellee introduced delinquent land tax certificates for each parcel. The deputy auditor testified

2

that his office creates the certificates after property taxes for a parcel have been delinquent for more than one year, and forwards them to the county prosecutor for purposes of bringing foreclosure actions.

{¶7} At the close of appellee's case, appellant objected to all twelve exhibits on foundational and hearsay grounds. The objections were overruled, and a judgment in the amount of $182,456.87 was entered as well as a foreclosure decree as to all six parcels.

{¶8} Appellant assigns the following as error:

{¶9} "The trial court erred to the substantial prejudice of appellant when it admitted exhibits 8 through 13 into evidence over the objections of appellant."

{¶10} Appellant first argues the tax bills were inadmissible due to hearsay. In response, appellee argues admissibility under the public records exception.

{¶11} Evid.R. 803(8) public records and reports, states that the following documents are not excluded as hearsay regardless of whether the declarant is available as a witness:

{¶12} "Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report * * *."

{¶13} Similarly, R.C. 2317.42 provides:

{¶14} "Official reports made by officers of this state, or certified copies of the same, on a matter within the scope of their duty as defined by statute, shall, in so far as relevant, be admitted as evidence of the matters stated therein."

{¶15} The six documents admitted are the "Ashtabula County Real Estate Tax

3

Bill" for each parcel. Each tax bill is certified by a deputy treasurer as a true and accurate copy of the original document on file at the treasurer's office. In addition, appellee testified that her official duties as county treasurer require collection and recordation of all property tax payments for offset against the taxes owed, as calculated by the county auditor. Therefore, the tax bills qualify as public records and reports. Evid.R. 803(8) and R.C. 2317.42.

{¶16} The tax bills state the amount owed on each parcel, including the 2016 property taxes, and comport with the amount of judgment.

{¶17} Appellee testified that she reviewed the records pertaining to appellant's parcels and verified that the amounts on the tax bills to be correct.

{¶18} Because the judgment is affirmed on the admissibility of the tax bills, admissibility of the six delinquent land tax certificates is moot. App.R. 12 (A)(1)(c). Appellant's sole assignment is without merit, and the judgment of the Ashtabula County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

4