[Cite as *Cragon v. Shinkle*, 2018-Ohio-3846.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

DAWN M. CRAGON, TREASURER,    :    **O P I N I O N**
ASHTABULA COUNTY, OHIO,
                              :
        Plaintiff-Appellee,
                              :    **CASE NO. 2018-A-0016**
    - vs -
                              :
WESLEY A. SHINKLE, et al.,
                              :
        Defendant-Appellant.
                              :


Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2014 CV 0540.

Judgment:  Reversed and remanded.


*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Robert L. Herman*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH  44047 (For Plaintiff-Appellee).

*Robert S. Wynn*, 7 Lawyers Row, P.O. Box 121, Jefferson, OH  44047 (For Defendant-Appellant).


THOMAS R. WRIGHT, P.J.


{¶1}    Appellant, Wesley A. Shinkle, appeals the trial court's judgment ordering forfeiture of six parcels of land.  He asserts that the trial court violated his due process rights by ruling without affording him an opportunity to respond.  We reverse and remand.

{¶2}    Beginning in 1982, appellant bought the at issue parcels during a thirteen-year span.  Property taxes on all parcels were delinquent and subject to a delinquency

assessment. Appellee, Dawn Cragon, Ashtabula County Treasurer advanced a foreclosure action. The matter was tried to the bench. The trial court found that appellant owed a total of $182,456.87 on the properties and ordered all six parcels to be sold in foreclosure.

{¶3} Appellant appealed, and we affirmed. *Cragon v. Shinkle*, 11th Dist. Ashtabula No. 2017-A-0072, 2018-Ohio-2676. During the pendency of the prior appeal, appellee moved for forfeiture pursuant to R.C. 5723.01. The forfeiture motion alleges that the sheriff conducted two public auctions of all six parcels on separate dates but did not receive a bid large enough to pay the delinquent taxes, assessments, and costs of the litigation. One day after the filing of the motion, and before appellant responded, that motion was granted.

{¶4} Appellant assigns the following as error:

{¶5} "The trial court erred to the substantial prejudice of appellant when it failed to acknowledge and address and effectively ignored appellant's 'Response to Motion for Forfeiture.'"

{¶6} Appellant argues that his constitutional right to due process was violated in two respects: (1) when the trial court issued its decision on the forfeiture motion without affording the normal fourteen days to file a response; and (2) when the court did not hold a hearing or issue a second judgment after he filed his response.

{¶7} When a judgment of foreclosure is issued, the sale of the property is governed by R.C. 5721.19. If the property cannot be sold pursuant to this procedure, the state or a political subdivision may seek forfeiture of the land under R.C. 5723.01(A)(1):

{¶8} "Every tract of land or town lot, which, pursuant to foreclosure proceedings under section 323.25, sections 323.65 to 323.79, or section 5721.18 of the Revised Code,

2

has been advertised and offered for sale on two separate occasions, not less than two weeks apart, and not sold for want of bidders, shall be forfeited to the state or to a political subdivision * * *."

{¶9}    "Due process requires both notice and an opportunity to be heard.  *In re Thompkins*, 115 Ohio St.3d 409, 2007-Ohio-5238, 875 N.E.2d 582, ¶13.  'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'  *Id.*, quoting *Mullane v. Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)."  *O'Malley v. O'Malley*, 8th Dist. Cuyahoga No. 98708, 2013-Ohio-5238, ¶16.

{¶10}  The trial court granted appellee's motion one day after it was filed and well before the 14-day response time.  *See* Civ.R. 6(C) and Loc.R. 3 of the Ashtabula County Court of Common Pleas. Thus, appellant was not afforded an opportunity to advance defenses to forfeiture.

{¶11}  The failure to provide both notice and an opportunity to be heard is a structural error alleviating the need to show prejudice.  *State v. Wilson*, 2nd Dist. Montgomery No. 19618, 2003-Ohio-6229, ¶32.  Appellant's sole assignment is well taken. The judgment of the Ashtabula County Court of Common Pleas is reversed, and the case is hereby remanded for further proceedings consistent with this opinion.


CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

3