17-3823-cv
Levy v. BASF Metals, Ltd.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2018

(Argued: October 18, 2018                    Decided:  February 28, 2019)

Docket No. 17-3823


_____


SUSAN LEVY,

*Plaintiff-Appellant*,

v.

BASF METALS LIMITED, BASF CORPORATION,
GOLDMAN SACHS INTERNATIONAL, GOLDMAN
SACHS GROUP, INC., GOLDMAN SACHS & CO.,
GOLDMAN SACHS EXECUTION & CLEARING, L.P.,
ICBC STANDARD BANK PLC, UBS AG,
UBS SECURITIES LLC, HSBC BANK USA, N.A.,
LONDON PLATINUM AND PALLADIUM FIXING
COMPANY LIMITED,

*Defendants-Appellees.* [1]


_____

---

[1] The Clerk of the Court is directed to amend the caption as above.

Before: WINTER and POOLER, *Circuit Judges*, and ABRAMS, *District Judge*.[2]

Appeal from United States District Court for the Southern District of New York (Gregory H. Woods, *J.*) dismissing appellant Susan Levy's second amended complaint in which she alleges claims under the Commodities Exchange Act, the Racketeer Influenced and Corrupt Organizations Act, the Sherman Act, and New York law related to alleged manipulation of the platinum futures market. We affirm the bulk of the district court's decision in a summary order published simultaneously with this opinion. We write separately to address Levy's Commodities Exchange Act claims and hold that they accrued when she discovered her injury in 2008, not when she discovered the manipulation scheme she alleges or the identity of the defendants. Therefore, the limitations period on those claims expired in 2010, well before she filed the present lawsuit.

Affirmed.

_____

SUSAN LEVY, pro se, New York, N.Y., *Plaintiff-Appellant*.

---

[2] Judge Ronnie Abrams, United States District Court for the Southern District of New York, sitting by designation.

MICHAEL F. WILLIAMS, Kirkland & Ellis LLP (Peter A. Farrell, *on the brief*), Washington, D.C., *for Defendants-Appellees BASF Metals Limited and BASF Corporation*.

DAMIEN J. MARSHALL, Boies Schiller Flexner LLP (Leigh M. Nathanson, Laura C. Harris, *on the brief*), New York, N.Y., *for Defendant-Appellee HSBC Bank USA, N.A.*

STEPHEN EHRENBERG, Sullivan & Cromwell LLP, New York, N.Y., *for Defendants-Appellees Goldman Sachs International, The Goldman Sachs Group, Inc., and Goldman Sachs & Co. LLC f/k/a Goldman, Sachs & Co.*

ROBERT G. HOUCK, Clifford Chance US LLP, New York, N.Y., *for Defendant-Appellee ICBC Standard Bank PLC.*

ERIC J. STOCK, Gibson, Dunn & Crutcher LLP (Mark A. Kirsch, D. Jarrett Arp, Melanie L. Katsur, Indraneel Sur, *on the brief*), New York, N.Y., *for Defendants-Appellees UBS AG and UBS Securities LLC.*

ETHAN E. LITWIN, Dechert LLP (Morgan J. Feder, *on the brief*), New York, N.Y., *for Defendant-Appellee The London Platinum and Palladium Fixing Company Ltd.*

PER CURIAM:

Appellant Susan Levy, an attorney proceeding pro se, brought this lawsuit in an effort to be made whole for her 2008 losses in the platinum futures market. She alleges, in sum, that BASF Metals Limited, BASF Corporation, Goldman Sachs International, Goldman Sachs Group, Inc., Goldman Sachs & Co., Goldman

3

Sachs Execution & Clearing, LP, HSBC Bank USA, NA, ICBC Standard Bank PLC, UBS AG, UBS Securities LLC, London Platinum and Palladium Fixing Company Ltd., and twenty unnamed "John Does" conspired to manipulate the New York Mercantile Exchange platinum futures contract market in violation of the Commodities Exchange Act ("CEA"), 7 U.S.C. § 1 et seq., the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., the Sherman Act, 15 U.S.C. §§ 1, 2, and New York law. The district court (Gregory H. Woods, *J.*) dismissed her federal claims as time barred and declined to exercise supplemental jurisdiction over Levy's state law claims. *Levy v. BASF Metals Ltd.*, 1:15-cv-7317-GHW, 2017 WL 2533501, at *9 (S.D.N.Y. June 9, 2017). We affirm the bulk of that decision in a summary order we publish simultaneously with this opinion. We write separately to address Levy's CEA claims and hold that they accrued when she discovered her CEA injury in 2008, not when she discovered the alleged manipulation scheme or the identity of the defendants.

## BACKGROUND

Levy began trading in the platinum futures market in 2008 at what she alleges were artificially inflated prices. Based on her review of the platinum market, she took a long position with the expectation that platinum prices would

4

soar even higher than market predictions. However, on August 15, 2008, the platinum market crashed, causing Levy to lose her entire investment.

Levy filed suit in April of 2012 against a different set of defendants that she alleged manipulated the platinum market (and, by extension, the platinum futures market) by engaging in so-called "banging the close" transactions. She claimed that the defendants in that case manipulated the value of platinum futures contracts by placing large platinum orders at the end of, or immediately after, the trading day, resulting in increased settlement prices of platinum futures contracts. In other words, Levy alleged that the defendants in her first lawsuit engaged in a "pump-and-dump" scheme that manipulated the value of platinum futures in violation of the CEA, RICO, the Sherman Act, and New York law. That case was transferred from the Eastern District of New York to the Southern District of New York in 2013 so it could be before the same district court judge presiding over a related class action lawsuit. *See generally Levy v. Welsh*, No. 12-CV-2056 (DLI)(VMS), 2013 WL 1149152 (E.D.N.Y. Mar. 19, 2013). Levy settled the *Welsh* lawsuit in 2014, but the settlement did not provide Levy with a complete recovery.

Levy filed the present action on September 16, 2015, after she received in the fall of 2014 a copy of a class action complaint containing similar allegations to the ones she now asserts. *See generally In re Platinum and Palladium Antitrust Litig.*, 1:14-cv-9391-GHW, 2017 WL 1169626 (S.D.N.Y. Mar. 28, 2017). In this suit, Levy claims, in sum, that Defendants-Appellees conspired to fix the price of platinum—and thus manipulate the platinum futures market—in a four-step manipulation process that involved exchanging confidential information during private conference calls, in violation of the CEA, RICO, the Sherman Act, and New York law. She alleges that the 2014 class action complaint first apprised her of this conduct, as well as the identities of some of the parties involved.

Levy filed an amended complaint on January 14, 2016, and a second amended complaint on April 4, 2016. On August 31, 2016, Defendants-Appellees moved to dismiss Levy's second amended complaint. The district court granted the motion, finding that Levy 's federal claims were time barred, and declined to exercise supplemental jurisdiction over her remaining state law claims. *Levy v. BASF Metals Ltd.*, 2017 WL 2533501, at *9.

6

**DISCUSSION**

We review de novo "[a] district court's interpretation and application of a statute of limitations." *Muto v. CBS Corp.*, 668 F.3d 53, 56 (2d Cir. 2012).

"Federal courts . . . generally apply a discovery accrual rule when a statute is silent on the issue . . . ." *Rotella v. Wood*, 528 U.S. 549, 555 (2000); *see also Koch v. Christie's Int'l PLC*, 699 F.3d 141, 148 (2d Cir. 2012). In applying this rule, it is "discovery of the injury, not discovery of the other elements of a claim," that "starts the clock." *Rotella*, 528 U.S. at 555. We have not yet applied this general rule to CEA claims. We do so now and hold that Levy's CEA claims accrued when she discovered her CEA injury. This happened when she suffered her losses in 2008. Thus, the CEA's two-year limitations period expired before she initiated the present suit in September 2015. 7 U.S.C. § 25(c).

Levy contends that the district court mistakenly conflated the date she suffered her losses with the date her CEA claims accrued. The relevant inquiry, however, is not whether Levy had discovered the identity of the defendants or whether she had discovered the manipulation scheme she alleges in her complaint. Rather, the question is when Levy discovered her CEA injury—that is, a loss that was the result of a CEA violation. *See* 7 U.S.C. § 25(a)(1) (providing

7

a cause of action for someone who suffers "actual damages" "caused by" a CEA violation); *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009) ("A plaintiff does not need to know that his injury is actionable to trigger the statute of limitations—the focus is on the discovery of the harm itself, not the discovery of the elements that make up a claim."); *cf. Kronisch v. United States*, 150 F.3d 112, 121 (2d Cir. 1998) ("[A] claim will accrue when the plaintiff knows, or should know, enough of the critical facts of injury and causation to protect himself by seeking legal advice." (internal quotation marks omitted)).

Here, Levy alleges that, by August of 2008, "prices started to fall for no apparent reason and without any fundamental reason." App'x at 260-61 ¶ 417. And, by the end of 2008 "the market price had dropped by over 50%," which Levy describes as "an extraordinary, unprecedented and unjustified sudden collapse." App'x at 262 ¶ 423. Levy further alleges that there was "no explanation for this sudden drop in price, other than market distortion due to manipulation." App'x 261 ¶ 419. In light of these allegations, we have little difficulty concluding that Levy discovered her CEA injury in 2008. Once Levy was aware of this injury, the CEA gave her two years to ascertain the facts necessary to bring her suit. 7 U.S.C. § 25(c).

Levy primarily argues that she was not on inquiry notice of her present CEA claims until 2014 when a group of investors filed a class action lawsuit against Appellees. *See generally In re Platinum and Palladium Antitrust Litig.*, 2017 WL 1169626. It is true that we have held that where "the circumstances known to" a plaintiff, "as alleged in the complaint, were such as to suggest to a person of ordinary intelligence" that she has been defrauded, "a duty of inquiry" may arise that commences the CEA's two-year limitations period. *Benfield v. Mocatta Metals Corp.*, 26 F.3d 19, 22 (2d Cir. 1994); *see also id.* at 23 (finding constructive knowledge where the loss of an entire investment within a four-month period "should have caused eyebrows to raise" and imposed a "duty of inquiry that would . . . have disclosed the nature and extent of" the fraud). However, this is not an inquiry notice case. The district court held, and we now hold, that Levy had *actual* knowledge of her CEA injury in 2008. *Levy v. BASF Metals Ltd.*, 2017 WL 2533501, at *5. That knowledge of her CEA injury "start[ed] the clock," irrespective of when she discovered the additional information necessary for her to bring her suit. *See Rotella*, 528 U.S. at 555.

9

**CONCLUSION**

For the foregoing reasons, and the reasons stated in the summary order we publish simultaneously with this opinion, we AFFIRM the district court's dismissal of this action.