21-2603-cv (L)
Behrens v. JPMorgan Chase Bank, N.A.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand twenty-four.

PRESENT:  DENNIS JACOBS,
          RICHARD C. WESLEY,
          BETH ROBINSON,
               *Circuit Judges*.

------------------------------------------------------------------

BRUCE BEHRENS, KATHLEEN BEHRENS,
DAVID SCHEFFERT, SHERRI SCHEFFERT,
and RICHARD WAKEFORD, on behalf
of themselves and all others similarly
situated,

*Plaintiffs-Appellants-Cross-Appellees*

v.

Nos. 21-2603-cv (L),
21-2651-cv (XAP),
21-2660-cv (XAP),
21-2661-cv (XAP),
21-2662-cv (XAP)

1

JPMORGAN CHASE BANK, N.A., U.S.
BANK, N.A., CHICAGO MERCANTILE
EXCHANGE, INC., THE CME GROUP,
INC., and NATIONAL FUTURES
ASSOCIATION,

        *Defendants-Appellees-Cross-Appellants*,

MILLENNIUM TRUST CO., a.k.a.
Millennium Trust Co. LLC, PAUL
THOMAS, RUSSELL WASENDORF, JR.,
and PERRY COMEAU,

        *Defendants-Appellees*,

STEVE BREWER, a.k.a. Steven John
Brewer, GARLON MAXWELL, AMBER
MAXWELL, RUSSELL WASENDORF, and
DOES #1-40,

        *Defendants.**

-------------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS-CROSS-APPELLEES: | SUSAN JOAN LEVY, Susan J. Levy, Esq., New York, NY |
| FOR DEFENDANTS-APPELLEES-CROSS-APPELLANTS: | CHRISTOPHER J. HOUPT, Mayer Brown LLP, New York, NY, *for* JPMorgan Chase Bank, N.A. |
| | ERIC R. SHERMAN, Dorsey & Whitney LLP, Minneapolis, MN, *for* U.S. Bank, N.A. |

---

* The Clerk's office is directed to amend the caption.

ABBY F. RUDZIN (Kayla N. Haran, *on the brief*), O'Melveny & Myers LLP, New York, NY, *for* Chicago Mercantile Exchange, Inc. and The CME Group, Inc.

GREGORY M. BOYLE, Jenner & Block LLP, Chicago, IL (Adam G. Unikowsky, Jenner & Block LLP, Washington, DC, *on the brief*), *for* National Futures Association.

FOR DEFENDANTS-APPELLEES:

MICHAEL E. GIORDANO (Samuel M. Braverman, Louis V. Fasulo, *on the brief*), Fasulo Braverman & DiMaggio, LLP, New York, NY, *for* Millennium Trust Co.

Lisa L. Shrewsberry, Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY, *for* Paul Thomas.

Julie B. Begovan, Griesing Law, LLC, Brooklyn, NY, *for* Russell Wasendorf, Jr., and Perry Comeau.

Appeal from a judgment of the United States District Court for the Southern District of New York (Vernon S. Broderick, *District Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiffs-Appellants-Cross-Appellees ("Plaintiffs")--five former customers

of Peregrine Financial Group, Inc. ("Peregrine"), the defunct futures commission

merchant--appeal the dismissal of their putative class action.[1]  We publish this

summary order simultaneously with an opinion that decides an unsettled issue.

We assume the parties' familiarity with the underlying facts, procedural history,

and the issues presented for review.  We refer only to facts necessary to explain

our decision to affirm.

1. Plaintiffs first challenge the dismissal of their claims as time barred.

"We review de novo a district court's grant of a motion to dismiss, accepting as

true all factual allegations in the complaint and drawing all reasonable inferences

in favor of the plaintiffs."  Muto v. CBS Corp., 668 F.3d 53, 56 (2d Cir. 2012).

With respect to a statute of limitations, a "district court's interpretation and

application of a statute of limitations are also subject to our de novo review."  Id.

However, we review "a district court's decision to deny equitable tolling for

abuse of discretion."  Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 81 (2d

Cir. 2003).

---

[1] In citations, "A" refers to the appendix; "SA" refers to the special appendix; and "SAC" refers to the Second Amended Complaint.

4

Chiefly at issue are claims pursuant to (i) the Commodity Exchange Act, 7 U.S.C. §§ 1–27f, which has a statute of limitations of two years, and (ii) the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968, which has a statute of limitations of four years. See 7 U.S.C. § 25(c); Koch v. Christie's Int'l PLC, 699 F.3d 141, 148 (2d Cir. 2012). Because neither statute evinces a contrary intent, the "discovery accrual rule" governs, and the statute-of-limitations clock starts with the "discovery of the injury, not discovery of the other elements of a claim." Levy v. BASF Metals Ltd., 917 F.3d 106, 108 (2d Cir. 2019) (per curiam) ("Levy I") (quoting Rotella v. Wood, 528 U.S. 549, 555 (2000)); see also Koch, 699 F.3d at 148. A plaintiff may "discover" an injury either through "actual or inquiry notice," Koch, 699 F.3d at 151 (citation omitted), even if the plaintiff has not yet unearthed "the identity of the defendants or . . . the manipulation scheme she alleges in her complaint," Levy I, 917 F.3d at 108.

As the district court concluded, Plaintiffs had actual notice of their injury when they learned, in October 2008, that their investments with Peregrine "were wiped out." A206 (SAC ¶ 115). Six months later, they retained counsel to arbitrate a "fraud case" with the National Futures Association. A317–18 (SAC ¶ 662). Accordingly, even if Plaintiffs did not discover "the alleged manipulation

5

scheme or the identity of the defendants" until a later date, they had discovered

their injury in October 2008, which is when their claims accrued. Levy I, 917 F.3d

at 107, 109; see also Levy v. BASF Metals Ltd., 755 F. App'x 29, 30 (2d Cir. 2018)

(summary order).[2]

The district court did not abuse its discretion in denying Plaintiffs the

benefits of tolling. The district court correctly rejected Plaintiffs' argument for

equitable tolling on the theory of fraudulent concealment. To trigger fraudulent

concealment, a plaintiff must show: (a) "the defendant concealed from him the

existence of his cause of action," (b) "he remained in ignorance of that cause of

action until some point within [the statute of limitations]," and (c) "his

continuing ignorance was not attributable to lack of diligence on his part." New

York v. Hendrickson Bros., 840 F.2d 1065, 1083 (2d Cir. 1988). The elements of

fraudulent concealment must be pleaded with particularity under Federal Rule

of Civil Procedure 9(b). See Armstrong v. McAlpin, 699 F.2d 79, 88–89 (2d Cir.

1983). We agree with the district court that Plaintiffs failed to show the elements

---

[2] We decline Plaintiffs' invitation for us to abrogate Levy I as a matter of law. "[P]rior opinions of a panel of this court are binding upon us in the absence of a change in the law by a higher authority or our own in banc proceeding." Wisdom v. Intrepid Sea-Air Space Museum, 993 F.2d 5, 7 (2d Cir. 1993) (per curiam) (citation omitted).

of fraudulent concealment with particularity. Notably, Plaintiffs failed to show diligence and to explain how any alleged acts of concealment hampered their investigation of the case.[3, 4]

Plaintiffs also sought class-action tolling under American Pipe & Construction Co. v. Utah, which held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. 538, 554 (1974). However, American Pipe applies only to "exactly the same cause of action" as asserted in the prior case. Johnson v. Ry. Express Agency, Inc., 421 U.S. 454, 467 (1975); see also In re Libor-Based Fin. Instrument Antitrust Litig., No. 11-MDL-2262, 2015 WL 4634541, at *135 (S.D.N.Y. Aug. 4, 2015) ("Courts do not . . . permit tolling when a plaintiff raises a

---

[3] Many of the alleged acts of concealment are facially implausible. For example, Plaintiffs allege that their own prior counsel (now a defendant) concealed the alleged fraud by "solely blaming U.S. Bank, N.A. [during the arbitration] to cover up his role in this Scheme and the role of the other defendants herein." A324 (SAC ¶ 703). Other than the bald assertion, Plaintiffs do not explain how a defendant conceals a complex conspiracy by exposing an alleged co-conspirator.

[4] Plaintiffs' briefing argues for other theories of equitable tolling, which Plaintiffs did not raise before the district court; these arguments are thus waived. See Booking v. Gen. Star Mgmt. Co., 254 F.3d 414, 418 (2d Cir. 2001).

7

new *factual* theory.").  Here, Plaintiffs' case is premised on a different factual theory than the Illinois class action precipitated by Peregrine's collapse in 2012. The Illinois class action focused only on the misappropriation by Peregrine's CEO, whereas Plaintiffs' case sought to connect that misconduct to their 2008 financial losses by hypothesizing a larger conspiracy of "fictitious trades."  A186 (SAC ¶ 18).  Moreover, the Illinois class action involved only four of the thirteen named Defendants; so, if continued, Plaintiffs' case will unlikely "concern the same evidence, memories, and witnesses as the subject matter of the original class suit."  Am. Pipe, 414 U.S. at 562 (Blackmun, *J.*, concurring).  Accordingly, the district court did not abuse its discretion in declining to apply American Pipe tolling.

2. Plaintiffs next challenge the district court's dismissal of all claims against Defendant Millennium Trust Co. ("Millennium Trust") pursuant to an enforceable arbitration clause.[5]  We review de novo a district court's

---

[5] We reject Millennium Trust's argument that Plaintiffs' appeal is untimely under Federal Rule of Appellate Procedure 4(a)(4)(A), which tolls the time to file an appeal "for all parties" upon the filing of a motion pursuant to, among others, Federal Rule of Civil Procedure 59.  In this case, the district court properly construed Plaintiffs' motion, filed pursuant to S.D.N.Y. Local Rule 6.3, as one filed pursuant to Rule 59(e).  See, e.g., R.F.M.A.S., Inc. v. Mimi So, 640 F. Supp. 2d 506, 508 (S.D.N.Y. 2009).

"determination of whether parties have contractually bound themselves to arbitrate." Meyer v. Uber Techs., Inc., 868 F.3d 66, 72–73 (2d Cir. 2017). We review for clear error any factual findings upon which the district court relied in reaching its decision about arbitrability. Id. at 73.

In March and April 2007, each Plaintiff created a self-directed individual retirement account ("IRA") with Millennium Trust, a custodian of self-directed IRAs. Each Plaintiff signed the Self-Directed IRA Adoption Agreement, which requires acknowledgment that they "received" and "understand and agree to be bound by" the Traditional IRA Custodial Agreement ("Custodial Agreement"), which--in turn--contains an arbitration clause.

An arbitration clause is enforceable if (a) "the parties have entered into a valid agreement to arbitrate," and (b) "the dispute at issue comes within the scope of the arbitration agreement." In re Am. Express Fin. Advisors Sec. Litig., 672 F.3d 113, 128 (2d Cir. 2011). State contract law governs this analysis. Meyer, 868 F.3d at 73–74. The choice-of-law clause in the Custodial Agreements designates Illinois.

An Illinois arbitration clause may be invalidated by "either procedural or substantive unconscionability, or a combination of both." Bain v. Airoom, LLC,

9

207 N.E.3d 1015, 1022 (Ill. App. Ct. 2022) (quoting Kinkel v. Cingular Wireless

LLC, 857 N.E.2d 250, 263 (Ill. 2006)).  Procedural unconscionability "refers to a

situation where a term is so difficult to find, read, or understand that the plaintiff

cannot fairly be said to have been aware he was agreeing to it."  Kinkel, 857

N.E.2d at 264 (citation omitted).  Substantive unconscionability looks to the "the

actual terms of the contract" and considers "the relative fairness of the

obligations assumed," such as whether the disputed clause is "so one-sided as to

oppress or unfairly surprise an innocent party, an overall imbalance in the

obligations and rights imposed by the bargain, and significant cost-price

disparity."  Id. at 267 (citation omitted).

In this case, the district court correctly rejected Plaintiffs' arguments for

substantive unconscionability.  The district court did not consider procedural

unconscionability, which Illinois law recognizes as an independent basis to

invalidate a contract term.  See Bain, 207 N.E.3d at 1022.  However, the failure to

do so was harmless error, as Plaintiffs have failed to demonstrate that procedural

unconscionability applies.

Plaintiffs' briefing raises three arguments for procedural

unconscionability: (a) that Millennium Trust failed "to furnish" or "make [the

10

Custodial Agreement] easily accessible" to them; (b) that a contract term cannot properly be incorporated by reference "without the acknowledgment of both parties and the attachment of the document to be so incorporated," and (c) that one of the Defendants was allegedly acting as Millennium Trust's agent to solicit fraudulent customer accounts. Pls. Br. 86–92.

As to failure to furnish, this argument is foreclosed by <u>Bain</u>. 207 N.E.3d at 1023 (declining to find procedural unconscionability based on plaintiff's mere allegation that the arbitration agreement "was not specifically brought to her attention and that she had no opportunity to understand or bargain for [it]"). As the Illinois Supreme Court acknowledged, arbitration clauses in adhesion contracts, often "presented in fine print in language that the average consumer might not fully understand," is simply "a fact of modern life." <u>Kinkel</u>, 857 N.E.2d at 266.

As to incorporation by reference, this argument has been likewise rejected. <u>See</u> <u>Wright v. Mr. Quick, Inc.</u>, 486 N.E.2d 908, 910 (Ill. 1985) ("It is well established that one instrument can incorporate the terms of another.").

Finally, as to the alleged agent of Millennium Trust, Plaintiffs pleaded no facts other than the bald assertion of the agency relationship. Under Illinois law,

11

"[a] mere allegation of agency is insufficient to establish actual agency," and a plaintiff "relying on an agency relationship must plead facts that, if proved, could establish the existence of an agency relationship." Bogenberger v. Pi Kappa Alpha Corp., 104 N.E.3d 1110, 1119 (Ill. 2018). Although Plaintiffs provided some record evidence that the particular defendant may have been an unlicensed investment adviser, that allegation has no bearing on his alleged status as an agent of Millennium Trust, and even less on how his allegedly unlawful actions affected Plaintiffs' routine act of opening self-directed IRAs with an IRA custodian.

Accordingly, we affirm the district court's dismissal of all claims against Millennium Trust pursuant to an enforceable arbitration clause.[6, 7]

3. Finally, the district court did not abuse its discretion in denying Plaintiffs' leave to amend the complaint for a third time. See Ellis v. Chao, 336

---

[6] As the district court ruled, 17 C.F.R. § 166.5 does not apply here, as Plaintiffs alleged no facts that Millennium Trust is a "Commission registrant" to trigger the applicability of that regulation.

[7] Although the district court should have stayed the case pending arbitration rather than dismiss Millennium Trust from the case, see Katz v. Cellco P'ship, 794 F.3d 341, 347 (2d Cir. 2015), neither party has challenged that aspect of the district court's decision, and it is therefore waived.

F.3d 114, 127 (2d Cir. 2003).  Although leave to amend a complaint should be "freely given when justice so requires," a district court may deny such leave if an amendment would be futile.  Id. (citation omitted).  We review de novo a district court's denial of leave to amend on the basis of futility.  See Gorman v. Consol. Edison Corp., 488 F.3d 586, 592 (2d Cir. 2007).

Here, as an initial matter, the motion to amend sought a *different* relief than the one Plaintiffs seek on appeal.  At the district court, Plaintiffs sought to add additional state-law claims against their prior counsel.  The district court correctly denied that motion once all federal claims were dismissed.  On appeal, Plaintiffs seek to "cure any ambiguities" regarding whether and when they had notice of their injury.  Pls. Br. 99–100.  Putting aside the issue of waiver, Plaintiffs' proposed amendment is futile, because the clarifications that they seek to add--such as the timing of when they received certain arbitration files--would not affect our finding that Plaintiffs had actual notice of their injuries in October 2008.

\* \* \*

We have considered Plaintiffs' remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

14